UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re*: International Judicial Assistance in: | CASE NO. 2:25-mc-00017-JNW |
| REISIT AZAK, | ORDER |
| Plaintiff, | |
| v. | |
| Selma Azak, | |
| Defendant. | |

## 1. INTRODUCTION

Petitioner United States of America moves—on behalf of the 16th Family Court of Anadolu, in and for the city of Istanbul, Türkiye ("Turkey")—to appoint Assistant U.S. Attorney Kristin B. Johnson ("AUSA Johnson") as Commissioner, pursuant to 28 U.S.C. § 1782, to obtain testimony from Washington-based witness Harun Azak to aid in an ongoing divorce proceeding involving Harun's parents[1] in the Turkish court (*Reşit Azak v. Selma Azak*, Ref No. 2023/338). Having reviewed

---

[1] The Court, intending no disrespect, refers to Harun by his first name to avoid confusion with his parents, who share his last name.

ORDER - 1

the motion, the record, and the law, the Court, being fully informed, GRANTS the motion. Dkt. No. 1.

## 2. BACKGROUND

The 16th Family Court of Anadolu, of the city of Istanbul, Turkey, is adjudicating *Reşit Azak v. Selma Azak*, Ref No. 2023/338, a contested civil divorce proceeding. *See* Dkt. No. 1-3 at 5. On June 25, 2024, to help resolve the proceeding, the presiding judge, Judge Adem Marangoz, issued a Letter of Request addressed to the United States Judicial Authority, seeking assistance in obtaining testimony from the parties' son, Harun Azak, who resides in Puyallup, Washington. *Id.* at 5–8. The letter included nineteen interrogatories to which Harun's answers are sought. *Id.* at 10–12.

On October 18, 2024, the Turkish Embassy in Washington, D.C., transmitted the Letter of Request to the Office of International Judicial Assistance (OIJA) of the U.S. Department of Justice. *Id.* at 4. Over the next several months, OIJA attempted three times to contact Harun at his place of residence to obtain his voluntary testimony in response to the interrogatories in the Letter of Request—each time to no avail. *See id.* at 14 (FedEx Proof-of-Delivery, signature required) (December 3, 2024); *see id.* at 15 (same) (January 14, 2025); *see id.* at 16 (same, but no signature required) (February 26, 2025).

Because Harun did not respond to these requests for voluntary testimony, on March 24, 2025, OIJA transmitted Judge Marangoz's Letter of Request to the U.S. Attorney's Office for the Western District of Washington for execution in accordance with 28 U.S.C. § 1782, 28 C.F.R. § 0.49(c), and the Hague Convention on the Taking

of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 12140. *Id.* at 2–3. One week later, the United States filed this ex parte motion, seeking to appoint AUSA Johnson as Commissioner pursuant to 28 U.S.C. § 1782(a) to obtain Harun's testimony in response to the interrogatories in Judge Marangoz's Letter of Request. Dkt. No. 1.

### 3. DISCUSSION

**3.1  Legal standard.**

Section 1782 permits federal district courts to assist in gathering evidence for use in foreign proceedings. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute states, in pertinent part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." 28 U.S.C. § 1782(a).

Section 1782(a) sets out three requirements that must be satisfied before a federal district court may compel discovery for use in a foreign proceeding, requiring petitioners to show: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal 'or any interested person.'" *Khrapunov v. Prosyankin,* 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

Even where these statutory requirements are met, a federal district court retains discretion over whether to grant a request for international assistance and "may impose conditions it deems desirable." *Intel*, 542 U.S. at 264. In *Intel*, the Supreme Court created a non-exhaustive list of discretionary factors a district court may consider in ruling on a Section 1782 request, including:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome.

*CPC Pat. Techs. Pty Ltd. V. Apple Inc.,* 119 F.4th 1126, 1129 (9th Cir. 2024) (citing *Intel* at 664–65) (cleaned up).

### 3.2     The United States has satisfied the requirements of Section 1782(a).

The Court finds that the statutory criteria are met. First, Harun resides in the District, as his primary residence is in Puyallup, Washington. Dkt. Nos. 1-3 at 2, 5, 14–16. Second, the discovery request relates to foreign proceedings before the 16th Family Court of Anadolu, in Istanbul, Turkey. *Id.* at 4. Third, the Letter of Request was issued by a foreign tribunal. *Id.*

### 3.3     The discretionary *Intel* factors favor granting the request for judicial assistance.

The *Intel* factors also favor granting the motion.

First, Harun is not a party to his parents' divorce proceeding. *See* Dkt. No. 1-3 at 5. Whereas the "foreign tribunal has jurisdiction over those appearing before it,

ORDER - 4

and can itself order them to produce evidence[,]" it lacks jurisdiction over a Washington-based witness who is *not* party to a case before it. *See Intel*, 542 U.S. at 264. As such, this factor supports relief.

Second, the request was initiated by a Turkish court, not a private party, suggesting that the court is receptive to this Court's assistance. *Id.* at 4; *see also In re: Request for Int'l Jud. Assistance From the Turkish Ministry of Just.*, No. 16-MC-80108-JSC, 2016 WL 2957032, at *2 (N.D. Cal. May 23, 2016) ("Turkey requested the information, which makes clear that the Turkish court is receptive to this Court's assistance[.]").

Third, the fact that this request was made by a Turkish court provides sufficient assurance that the request is not an attempt to circumvent the foreign court's discovery rules or other policies. *See id.* ("Turkey requested the information, which makes clear . . . that the request is not an attempt to circumvent proof-gathering restrictions in either Turkey or the United States."); *see also In re Request for Jud. Assistance from Svitavy, Czech*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010). ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy.")

Fourth, the Court finds that the discovery request at issue is not unduly burdensome and appears relevant to the matters before the Turkish court. *See In re Sailed Tech. (Beijing) Co., Ltd.*, No. 2:22-cv-01396-JHC, 2022 WL 17324321, at *4 (W.D. Wash. Nov. 29, 2022) ("Requests are unduly intrusive and burdensome if they are 'not narrowly tailored, request confidential information and appear to be a

ORDER - 5

broad fishing expedition for irrelevant information.'" (quoting *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016)). As noted by the United States, the nineteen interrogatories appear tailored to Harun's personal knowledge of his parents' marriage. *See* Dkt. No. 1-3 at 5–6.

Finally, the Court notes that the ex parte nature of the instant motion is not problematic. The Ninth Circuit has noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). "Where, as here, the application is for the issuance of subpoenas, no substantial rights of the subpoenaed person are implicated by such action, as the subpoenaed person, once served, is entitled to move to quash or modify the subpoenas[.]" *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (quotation marks and citation omitted); *see also In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219 ("The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.").

## 4. CONCLUSION

The Court FINDS that the United States's petition satisfies both the mandatory Section 1782 criteria and the discretionary *Intel* factors. The Court therefore GRANTS the motion, Dkt. No. 1, and ORDERS that AUSA Johnson is APPOINTED as Commissioner to fulfill the request for judicial assistance at Dkt. No. 1-3. AUSA Johnson is AUTHORIZED to serve witness Harun Azak with a subpoena in the form attached as Exhibit B to her declaration. *See* Dkt. No. 1-4 (Proposed Commissioner's Subpoena).

It is so ORDERED.

Dated this 24th day of April, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 7